UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV423-158 |
| ) | |
| THREE PIT BULL-TYPE DOGS ) | |
| SEIZED FROM 105 KUWE ) | |
| TRAIL, GUYTON, GEORGIA ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

The Government moves to strike Claimant Perry Powell's Amended Answer, Affirmative Defenses, and Counterclaim, or, in the alternative, to dismiss Powell's Counterclaim for failure to state a claim for which relief could be granted. Doc. 11. The Government argues that Powell's pleading should be struck because he has not filed a verified complaint as required by Rule G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). *See id.* at 6-10. Powell responded, doc. 15, and the Government replied, doc. 16. This matter is ripe for disposition.

1

Supplemental Rule G(5) expressly requires claimants to file two separate documents to contest a forfeiture action: a verified claim and an answer. *See* Fed. R. Civ. P., Supp. R. G(5)(a)(i), (b). The Notice of Forfeiture in this case outlined these distinct requirements. *See* doc. 3 at 1-2. The Government may move to strike a claim or answer "for failing to comply with Rule G(5)." Fed. R. Civ. P., Supp. R. G(8)(c)(i)(A). To date, Powell has not filed a verified claim, nor sought leave to file one. *See generally* docket.

The Government's Motion to Strike clearly and thoroughly explains this procedural defect. *See* doc. 11 at 6-10. In response to the Government's motion to strike, Powell filed a "Verification of Counterclaim," declaring "under penalty of perjury . . . that the allegations and facts contained in the Amended Answer, Affirmative Defenses, and Counterclaim . . . are true and correct." Doc. 14 at 1. In his Memorandum of Law in Opposition to the Government's Motion to Strike, he does not accept that he failed to file a verified claim; instead, he insists that his counterclaim properly described the seized property and ownership interest and the Verification of Counterclaim, doc. 14, cured any statutory defect. Doc. 15 at 4. Powell appears to be proceeding

under the belief that his "counterclaim" is the same instrument as a "verified claim." It is not.

Powell does not cite any authority suggesting that an answer including a Rule 13 counterclaim can satisfy Supplemental Rule G(5)'s explicit requirement that claimants file a verified claim independent of and in addition to filing an answer, nor can the Court find any support for that position. On the contrary, both Supplemental Rule G(5) and the statute governing general rules for civil forfeiture proceedings expressly state that the answer must be filed *after* the verified claim is filed. *See* Fed. R. Civ. P., Supp. R. G(5)(b) ("A claimant must serve and file an answer to the complaint or motion under Rule 12 within 21 days *after* filing the claim." (emphasis added)); 18 U.S.C. § 983(a)(4)(B) ("A person asserting an interest in seized property . . . shall file an answer to the Government's complaint for forfeiture not later than 20 days *after* the date of the filing of the claim." (emphasis added)). This has led several courts to conclude that "[f]iling a verified claim is 'a prerequisite to the right to file an answer and defend on the merits,'" *United States v. $13,970.00*, 2007 WL 1231659, at *3 (M.D. Ga. April 26, 2007) (quoting *United States v. One Dairy Farm*, 918 F.2d 310, 311 (1st Cir. 1990)), and

3

reject claimants' arguments that the contents of an answer could satisfy the statutory requirement to file a verified claim. *See $13,970.00*, 2007 WL 1231659, at *3 (granting the Government's Motion to Strike Answer when the claimant had filed an answer but not a verified claim); *United States of America v. 2734 Peachtree Rd NW, Unit #C202 Atlanta, GA 30305*, 4:22-cv-064, doc. 28 at 3 (S.D. Ga. Jan. 3, 2023) (dismissing a claimant for lack of statutory standing when the claimant had filed an answer but not a verified claim).

Courts may require claimants to strictly comply with the Supplemental Rules. *See United States v. $125,938.62*, 370 F.3d 1325, 1328 (11th Cir. 2004) ("A district court 'may require claimants in forfeiture proceedings to comply strictly with the rule's requirements in presenting claims to the court.'" (quoting 37 C.J.S. Forfeitures § 23)); *see also United States v. $38,000.00*, 816 F.2d 1538, 1547 (11th Cir. 1987) ("Courts consistently have required claimants to follow the language of the Supplemental Rules to the letter."). "The answer is an improper method for [a claimant] to file a verified claim since it fails to strictly comply with Supplemental Rule G(5)." *2734 Peachtree Rd NW, Unit #C202 Atlanta, GA 30305*, 4:22-cv-064, doc. 28 at 3. Accordingly, the

Court should not accept Powell's counterclaim as a verified claim since it does not comply with Supplemental Rule G(5)'s requirements. *See* Fed. R. Civ. P., Supp. R. G(5)(a).

Powell's failure to file a rule-compliant verified claim leaves him without statutory standing to challenge the Complaint. "A claimant must satisfy both the requirements of Article III standing as well as statutory standing in order to contest a forfeiture action." *United States v. $114,031.00*, 284 F. App'x 754, 755 (11th Cir. 2008). A verified claim "is essential to conferring statutory standing upon a claimant in a forfeiture action," *$125,938.62*, 370 F.3d at 1328, as claimants are required to assert their interest in seized property "in the manner set forth in the Supplemental Rules," 18 U.S.C. § 983(a)(4)(A). Therefore, if a claimant fails to comply with the Supplemental Rules, they fail to establish statutory standing. Powell's Amended Answer, Affirmative Defenses, and Counterclaim may be struck on these grounds as well. *See* Fed. R. Civ. P., Supp. R. G(8)(c)(i)(B); *United States of America v. 2734 Peachtree Rd NW, Unit #C202 Atlanta, GA 30305*, 4:22-cv-064, doc. 28 (S.D. Ga. Jan. 3, 2023) (dismissing claimants for lack of statutory

standing for failure to strictly adhere to the Supplemental Rules' requirements).

Based on the foregoing, the Government's Motion to Strike Amended Answer, Affirmative Defenses, and Counterclaim Filed by Claimant Perry Powell, or in the Alternative, Dismiss Claimant Perry Powell's Counterclaim, doc. 11, should be **GRANTED**. *See* Fed. R. Civ. P., Supp. R. G(8)(c)(i)(A). Powell's Amended Answer, Affirmative Defenses, and Counterclaim should be **STRUCK**. Doc. 10.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 26th day of January, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA